IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Gary E. ROSENTHAL, Attorney at Law.

Supreme Court

*No. 85–1035–D. Filed October 8, 1985.*
(Also reported in 374 N.W.2d 387.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney Gary E. Rosenthal be publicly reprimanded for unprofessional con-

duct consisting of his neglect of a client's legal matter, misrepresentations made to his client concerning his actions on the client's behalf, and misrepresentations made to the Board of Attorneys Professional Responsibility (Board) during its investigation of this matter. The referee also recommended that Attorney Rosenthal be required to pay the costs of this proceeding. We agree with the recommendation of the referee concerning appropriate discipline in this case.

Attorney Rosenthal was admitted to practice law in Wisconsin in 1974 and practices in Milwaukee. He has not previously been the subject of a disciplinary proceeding. The referee in this proceeding is Attorney Catherine M. Doyle.

Upon the stipulation of the parties, the referee found that in December, 1981, Attorney Rosenthal was retained to represent a man in a divorce proceeding. In August, 1983, that client again retained Attorney Rosenthal to represent him to seek a reduction in court-ordered maintenance payments. A motion to that effect was denied by a family court commissioner on September 27, 1983, and shortly thereafter the client told Attorney Rosenthal that he wanted that decision reviewed by the circuit court. Attorney Rosenthal attempted to dissuade the client from taking that course of action, but the client insisted, and in late October, 1983, Attorney Rosenthal told the client that a hearing had been set for November 21, 1983, at a specified time and before a specified judge. Attorney Rosenthal confirmed that date, time and court with the client on November 14, 1983.

When the client appeared in court for the hearing, the judge's clerk told him that the hearing did not appear on any family court calendar for that date. When the client telephoned Attorney Rosenthal the same day, he was informed by Attorney Rosenthal's secretary that

the attorney had tried to reach him prior to the date of the hearing to correct the name of the court in which the motion would be heard, but he did not have the client's unlisted telephone number available and was unable to reach him. Later the same day, Attorney Rosenthal told the client that he had given him erroneous information concerning the court in which the motion would be heard, that he had not been able to reach him to correct the error, and that he had appeared before another judge to make the motion on the hearing date but the judge would not order reduction of maintenance payments. In fact, Attorney Rosenthal made no such appearance in any court.

In response to the Board's investigation of the client's grievance, Attorney Rosenthal stated that when he spoke to the client on the date of the supposed hearing, he told the client that the motion had not been filed because Attorney Rosenthal believed the client would not pursue the matter. Also, Attorney Rosenthal denied having told the client that he appeared before another judge on that date or that the motion for reduction had been denied. In addition, Attorney Rosenthal replied to an inquiry from the client's nephew, an attorney in Milwaukee, that his client had decided not to proceed with the motion to review the maintenance order after conferring with Attorney Rosenthal on September 27, 1983.

In recommending a public reprimand for Attorney Rosenthal's misconduct, the referee considered that the misconduct, while serious, involved the neglect of a single legal matter, which was compounded by Attorney Rosenthal's attempt to conceal that neglect. The referee concluded that this conduct did not reflect a pattern of neglect or misconduct.

We accept the referee's findings and conclusions and agree that a public reprimand is appropriate discipline under the circumstances.

IT IS ORDERED that Attorney Gary E. Rosenthal is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 120 days of the date of this order Attorney Gary E. Rosenthal pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing by Attorney Rosenthal of his inability to pay the costs within the time specified, the license of Attorney Gary E. Rosenthal to practice law in Wisconsin shall be suspended until further order of the court.